W. E. DUVALL, Appellant,

v.

Russell COLE, Appellee.

Court of Appeals of Kentucky.

March 23, 1956.

Hatcher & Lewis, Elizabethtown, for appellant.

Faurest & Montgomery, Elizabethtown, for appellee.

MILLIKEN, Chief Justice.

The appellant, W. E. Duvall, contends he is entitled to a directed verdict against the appellee, Russell Cole, for damages received in an automobile intersection collision in Hardin County on July 16, 1953. No complaint is made of the instructions or of any errors at the trial other than the refusal of the trial court to give a peremptory instruction in appellant's favor. The jury found both parties negligent.

The testimony of the litigants conflicted, each claiming a truck which was being unloaded in front of a store located in a corner of the intersection obstructed vision of the other's car. Cole was traveling on an inferior highway (Ky. 84), but he stopped at the intersection before turning left or eastward onto U. S. 62. However, he edged his car slightly onto U. S. 62 in order to see around the parked truck, misjudged the speed of Duvall's car approaching from the east, and the collision occurred after most of Cole's car had crossed the westbound lane of U. S. 62. On the other hand, Duvall testified that he was not proceeding more than forty miles an hour, but that he skidded on the wet road when he applied his brakes. The testimony of the driver of the parked truck and the owner of the store concerned mostly the moderate speed of the Duvall car, whether it skidded and

how far, and estimates of distance. A state policeman testified that Cole had stated his engine choked on him as he proceeded across the intersection. The intersection was wide, the jury saw it, and may well have concluded that Duvall could have avoided the collision had he had his car under control and kept a proper lookout ahead.

While KRS 189.330(4) does provide that a vehicle shall not be driven onto a through highway (U. S. 62) from an inferior highway (Ky. 84) when another car is approaching so closely on the through highway as to constitute an immediate hazard, the application of the statute depends on the facts of the case. Here, we do not find the evidence so clear-cut that a directed verdict would have been justified.

The judgment is affirmed.